## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**IVAN MONTERO NAVARRO,**

     **Petitioner,**

**v.**                                    **Case No.: 6:26-cv-857-PGB-NWH**

**TODD LYONS, MARKWAYNE MULLIN, TODD BLANCHE, GARRETT RIPA, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and DEPARTMENT OF HOMELAND SECURITY,**

     **Respondents.**

_____/

## <u>ORDER</u>

This cause comes before the Court for consideration without oral argument on Petitioner Ivan Montero Navarro's ("**Petitioner**") Emergency Petition for Writ of Habeas Corpus (Doc. 1 (the "**Petition**")) and Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2 (the "**Motion**")). The Court will grant a temporary restraining order ("**TRO**") and set an expedited briefing schedule on Plaintiff's request for an Emergency Writ of Habeas Corpus, if ultimately required.[1]

---

[1] As discussed below, if the Petitioner is being detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, and is not being held on criminal charges, he is to be released immediately, rendering additional briefing unnecessary. The Court is aware that the Fifth and Eighth Circuits construe the applicable statutes differently from this Court. The Fifth and Eighth Circuits are wrong. Therefore, a motion for reconsideration based on these Circuits' flawed analysis is unnecessary.

## I.    BACKGROUND

On April 20, 2026, Petitioner filed the Petition against Respondents Todd Lyons, acting Director of the United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the United States Department of Homeland Security; Todd Blanche, acting Attorney General of the United States; Garrett Ripa, Field Office Director of the Miami Immigration and Customs Enforcement Office; United States Immigration and Customs Enforcement; and the Department of Homeland Security (collectively, the "**Respondents**") with this Court. (Doc. 1).

In the Petition, Petitioner asserts that he is a native and citizen of Mexico and has resided in the United States since 2016. (*Id.* ¶ 15). Petitioner is a construction worker and resides in Lake Mary, Florida with his wife, who is currently eight months pregnant. (*Id.* ¶¶ 14, 16). On approximately April 14, 2026, Petitioner was driving a vehicle when he was stopped by the Flagler County Sheriff's Office. (*Id.* ¶ 33). The law enforcement officers issued a citation to Petitioner for a "No Valid Driver's License" violation. (*Id.*). Petitioner was not arrested on this basis, and instead, a Notice to Appear was issued to Petitioner and mailed to his former residence. (*Id.* ¶ 34). However, Petitioner was arrested for suspected immigration violations. (*Id.* ¶ 35).

Upon his arrest, Petitioner was transported to the Flagler County Jail but was not booked there. (*Id.*). Instead, local law enforcement handed Petitioner over to Respondent Immigration and Customs Enforcement's ("**ICE**") custody who then

placed him in an ICE vehicle. (*Id.*). For several days, Petitioner was transported around the state of Florida. (*Id.* ¶ 36). Ultimately, Petitioner was booked at the Baker County Detention Center, where he remains to this date. (*Id.*). According to the Petition, Petitioner is being held on an ICE detainer, having been arrested without a valid warrant and absent probable cause. (*Id.* ¶ 37).

As a result, Petitioner filed the Petition, wherein he brings claims against the Respondents for (1) violation of the Administrative Procedure Act (Count I); (2) violation of Due Process under the Fifth Amendment of the United States Constitution (Count II); and (3) unreasonable seizure under the Fourth Amendment of the United States Constitution (Count III). (*Id.* ¶¶ 82–93). Now, Petitioner seeks a TRO or preliminary injunction enjoining Respondents "from removing Petitioner beyond the jurisdiction of the Middle District of Florida pending final adjudication of" the Petition. (Doc. 2, p. 6).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B).

If the movant establishes that he is justified in seeking *ex parte* relief, he then must show that injunctive relief is warranted. To do so, the movant must

demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

## III.   DISCUSSION

### A.   Notice

The Court finds the requirements imposed by Federal Rule of Civil Procedure 65 for issuing a TRO without notice to the adverse party are satisfied here. Petitioner has submitted a verified Emergency Petition that "clearly show[s] . . . immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A); (*see* Doc. 1). Moreover, Petitioner's counsel has certified that, "due to the urgent nature of the threatened imminent transfer of Petitioner" outside of the Court's jurisdiction, providing notice to Respondents is not feasible. (Doc. 2, p. 6); *see* FED. R. CIV. P. 65(b)(1)(B).

**B.      Likelihood of Success on the Merits**

This Court and others have held that aliens, like Petitioner, who are present in the United States are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See, e.g., Guaiquire v. Quinones, Jr.*, No. 6:26-cv-169-RBD-RMN, 2026 WL 279369, at *1 (M.D. Fla. Feb. 3, 2026) (providing an exhaustive analysis of 8 U.S.C. §§ 1225 and 1226); *Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by the way of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy—ordering release or bond hearings in more than 1,600 cases—[while] just 14 judges . . . have sided with the [Government's] position.'"). This Court and others have held that such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, entitled to a bond hearing.

The likelihood of Petitioner's success on the merits is largely contingent on whether he is detained under 8 U.S.C. § 1226(a). From Petitioner's allegations, he appears to be entitled to a bond hearing. (*See, e.g.*, Doc. 1, ¶¶ 33–37). Consequently, his detention appears unlawful and warrants a bond hearing, and he has demonstrated a likelihood of success on the merits. Simply put, the Petitioner cannot be held on an ICE detainer as the sole basis for detention. The Court has made this abundantly clear, and it is stunning that ICE appears to

disregard the Court's pronouncements on this matter. *E.g., Rodriguez v. Quinones, Jr. et al.*, 6:26-cv-187-PGB-DCI (M.D. Fla. Feb. 5, 2026), ECF No. 17.

### C.  Irreparable Harm

Next, Petitioner must demonstrate that without an injunction, he will suffer irreparable injury, which is an injury that "cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *3 (M.D. Fla. Nov. 4, 2025) (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

Allowing Petitioner, who appears to be unlawfully detained, to be transferred from the Baker County Detention Center to another facility outside this Court's jurisdiction would frustrate the speedy resolution of this case and potentially impact the Court's jurisdiction. If this occurred, Petitioner would likely be unlawfully detained without due process for even longer. Petitioner, therefore, has shown that irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer beyond the jurisdiction of the Middle District of Florida pending final adjudication of the Petition or,

6

alternatively, the release of Petitioner from ICE custody, is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention.

### D.    Balance of Equities and Public Interest

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding that the balance of equities and public interest weigh in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

### E.    The Petition

The Court has expressed both in oral and written pronouncements that a Petitioner, such as here, may not be detained solely on an ICE detainer. Counsel for the Government in *Rodriguez* conceded that ICE agents arresting an alien without an arrest warrant and detaining that person without judicial intervention (i.e., a bond hearing) violated due process. Transcript of Record at 8, *Rodriguez v. Quinones, Jr. et al.*, 6:26-cv-187-PGB-DCI (M.D. Fla. Feb. 3, 2026), ECF No. 21.

7

Accordingly, if Petitioner's allegations are correct and he is being held solely on an ICE detainer, he must be released immediately. If Respondents have evidence that the Petitioner is being held on criminal charges, they must produce that evidence within twenty-four (24) hours of this Order.[2] Similarly, if Respondents contend that Petitioner is being detained pursuant to 8 U.S.C. § 1226, they must file a notice informing the Court of this fact within twenty-four (24) hours of this Order.

## IV.   CONCLUSION

In sum, the Court concludes that Petitioner's immigration detention and/or the absence of a bond hearing are unlawful. Petitioner's transfer outside of the Middle District of Florida would prolong said detention and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a TRO. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner need not post a security bond. *See* FED. R. CIV. P. 65(c).

To be clear, although the Court enjoins Respondents from relocating the Petitioner outside of the instant District until the Court rules on the Petition, this Order does not prevent Respondents from releasing Petitioner from detention.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[2] "Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia*, 2025 WL 3078656, at *2 (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas*, 533 U.S. at 690 for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

1.  Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2) is **GRANTED**.

2.  Respondents Todd Lyons, Markwayne Mullin, Todd Blanche, Garrett Ripa, United States Immigration and Customs Enforcement, the Department of Homeland Security, and their agents, officers, employees, and all persons acting in concert with them, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225.

3.  Respondents Todd Lyons, Markwayne Mullin, Todd Blanche, Garrett Ripa, United States Immigration and Customs Enforcement, the Department of Homeland Security, and their agents, officers, employees, and all persons acting in concert with them, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1226(a) unless he is provided with a bond hearing before an immigration judge within five days of his detention.

4.  No security bond is required for this injunction as the Court deems it unnecessary.

5.  If Petitioner is being detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, Respondents Todd Lyons, Markwayne Mullin, Todd Blanche, Garrett Ripa, United States Immigration and Customs Enforcement, the Department of Homeland Security, and their

agents, officers, employees, and all persons acting in concert with them, are **ORDERED** to immediately release the Petitioner.

6. If Respondents have evidence establishing that the Petitioner is currently being detained on criminal charges, they must produce that evidence within twenty-four (24) hours of this Order. Similarly, if Respondents contend that Petitioner is being detained pursuant to 8 U.S.C. § 1226, they must file a notice informing the Court of this fact within twenty-four (24) hours of this Order. Failure to timely provide such evidence or notice to the Court will result in the Petition being immediately granted.

7. The Clerk of Court is **DIRECTED** to serve copies of this Order, the Petition (Doc. 1), and the Emergency Motion for Temporary Restraining Order and/or Injunctive Relief (Doc. 2), as follows:

   (a) Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;

   (b) United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

   (c) United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

    (d)    Via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

    (e)    Via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE AND ORDERED** in Orlando, Florida on April 21, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

11